UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEE BURRELL,<br><br>    Petitioner,<br><br>  v.<br><br>M. S. EVANS, Warden,<br><br>    Respondent. | No. C 06-3627 JSW (PR)<br><br>**ORDER OF DISMISSAL; DENIAL OF MOTION FOR STAY AND FOR COUNSEL; AND GRANT OF LEAVE TO PROCEED IN FORMA PAUPERIS**<br><br>(Docket Nos. 2, 3, 4) |

    Petitioner, a prisoner of the State of California, currently incarcerated at Salinas Valley State Prison located in Soledad, California, filed this habeas corpus action pursuant to 28 U.S.C. § 2254 challenging the constitutionality of his state conviction. Petitioner has also filed a motion to proceed *in forma pauperis* (docket no. 2) that is now GRANTED (docket no. 2)

    The petition is now before the Court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases. However, in the petition and several of the attached motions, Petitioner states that he has not exhausted any of his claims in the California Supreme Court.

    Petitioner has also attached to the petition a motion to stay and hold the petition in abeyance, while he investigates his case and exhausts additional claims in the state courts (docket no. 4). It is apparent from the motion that Petitioner has not identified those additional claims that he wishes to pursue in the state courts. In the meantime, Petitioner

1

1  is requesting that this Court stay the completely unexhausted petition.

2      A federal court may stay a mixed petition, *see Rhines v. Webber*, 125 S. Ct. 1528,
3  1535 (2005).  A stay, however, can only be allowed if the petitioner shows good cause for
4  failure to exhaust earlier and that he has potentially meritorious issues to present.  *Id.*
5  However, the Ninth Circuit has held that this Court must dismiss a petition which is
6  completely unexhausted.  As such, this case must be dismissed without prejudice.

## DISCUSSION

A.  <u>Standard of Review</u>

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.  Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.  *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (quoting *Blackledge v. Allison*, 431 U.S. 63, 75-76 (1977)).

B.  <u>Exhaustion</u>

A prisoner in state custody who wishes to challenge either the fact or length of his confinement by filing a federal petition for writ of habeas corpus must first exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue he seeks to raise in federal court.  *See* 28 U.S.C. § 2254(b),(c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987).  As Petitioner has not presented any of his claims to the highest state court, he has not exhausted his state court remedies.  As such, the petition must be dismissed.  *See Rose v. Lundy*, 455 U.S. 509, 510 (1982), *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (declining to extend the rule in *Rhines* to a

1  case involving a completely unexhausted petitions and finding that the district court must
2  dismiss such a petition based on *Jimenez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001)).
3      A dismissal solely for failure to exhaust is not a bar to Petitioner's returning to
4  federal court after exhausting available state remedies.  *See Trimble v. City of Santa Rosa*,
5  49 F.3d 583, 586 (9th Cir. 1995).  Accordingly, this petition is DISMISSED without
6  prejudice to Petitioner's filing a new federal habeas petition once he has exhausted state
7  remedies by presenting his claims to the highest state court.  As such, Petitioner's motion
8  seeking appointment of counsel is DENIED as moot (docket no. 3).  The Clerk shall enter
9  judgment and close the file.
10     IT IS SO ORDERED.
11 DATED:  December 13, 2006

JEFFREY S. WHITE
United States District Judge

3